## DON A. BURKE ET AL.

### v.

## GEORGE RAAB ET AL.

NOTE—INTEREST AS PENALTY.—A note given for a specified sum, and stipulating for payment of interest at the rate of fifteen per cent. if not paid at maturity, is valid, and does not, on its face, show an usurious contract. This penalty the debtor could escape by paying the note at maturity, and in the absence of proof the court will not presume the parties intended to violate the law. Neither do indorsements of interest paid afford evidence of usury, the interest all having been paid after the note matured, and after the time when the holder, by its terms, could demand the penalty.

APPEAL from the Circuit Court of Macoupin county ; the Hon. C. S. ZANE, Judge, presiding.    Opinion filed October 2, 1879.

Messrs. PALMER & CHAPMAN, for appellants ; that a note with a stipulation for a greater rate of interest than that allowed by law, in case it was not paid at maturity, is not usurious, cited Lawrence v. Cowles, 13 Ill. 577; Smith v. Whitaker, 23 Ill. 367; Bishop Hill Colony v. Edgerton, 26 Ill. 54; Davis v. Rider, 53 Ill. 416; Withrow v. Briggs, 67 Ill. 96; Bane v. Gridley, 67 Ill. 388; Bradford v. Hoiles, 66 Ill. 517; Downey v. Beach, 78 Ill. 53; Gould v. Bishop Hill Colony, 35 Ill. 324.

Mr. C. A. WALKER, for appellees, cited, Sanner v. Smith, Ill. Sup. Ct. June term, 1878, not reported.

DAVIS, P. J.   Action on a promissory note.   The only evidence offered below on the trial was the following note, with the credits endorsed on the back thereof:

"$115.00.   On the 11th day of February, 1868, for value received, we, or either of us, promise to pay B. T. Burke, or order, one hundred and fifteen dollars, and if not paid when due, to bear fifteen per cent. interest from due till paid.   February 11th, 1867."

Burke v. Raab.

"Cr. by cash, fifteen dollars, March 12, 1868, to be applied first to the interest."

"Cr. by cash, thirty-one 50-100 dollars, Jan'y 29th, 1870, tc be applied first to the interest."

"Cr. by cash, fifteen dollars, Feb'y 18th, 1871, to be applied first to the interest." Also fifteen dollars as int., February 14th, 1872. Also fifteen dollars, Feb'y 24th, 1873. Also fifteen dollars, July 7th, 1874. Also fifteen dollars, May 29, 1875. Also fifteen dollars, Oct 4th, 1876. Also fifteen dollars, April 9th, 1877.

The defense was usury, and appellees, to sustain their defense, relied on the face of the note and the credits endorsed. The court below gave judgment for appellees, and appellant appealed. The note upon its face shows a fair and honest transaction of a loan, or an indebtedness of one hundred and fifteen dollars, to be paid in one year from date, with a stipulation that should the amount due not be paid at maturity, the debtors should pay the creditor fifteen per cent. interest, from maturity till paid. This penalty, the debtor could escape entirely by paying the amount of the principal, and in the absence of proof a court will not presume the parties intended to violate the law. Unless, then, the credits afford some evidence of the usurious intention, the contract as expressed in the note must be upheld. The note had matured thirty-one days before the first payment was made, and the creditor was entitled when the payment was made, to fifteen per cent. interest on the principal from maturity of the note. This would amount to one dollar and forty-three cents, making the amount then due, of principal and interest, one hundred and sixteen dollars and forty-three cents. A payment was then made of fifteen dollars, which was directed to be applied first to the interest. Making the application, the amount paid would discharge the interest and leave thirteen dollars and fifty-seven cents to be applied on the principal, which would reduce the debt to one hundred and one dollars and forty cents. When the next payment was made, the creditor was entitled to the same rate of interest as penalty, from March 12th, 1868, to 29th of January, 1870, amounting to twenty-eight dollars and fifty-seven cents.

The payment then made of thirty-one dollars and fifty cents was also directed to be applied, first to the interest, and when so applied, left two dollars and ninety-three cents to be applied on the principal, leaving the amount of the note then due, ninety-eight dollars and fifty cents; and thereafter payments were made of fifteen dollars each, in nearly annual payments, which sometimes was more and sometimes less than the annual interest due. But we fail to find any evidence, either on the face of the note or in the credits, that any money was received for forbearance to sue, or in advance, or that the makers of the note could not at any time have escaped the payment of the penalty by paying the amount due.

A suspicion might arise that the fifteen dollars embraced in the amount of the note, was the interest in advance at fifteen per cent. on one hundred dollars actually loaned; but it would be but a bare suspicion, unsupported by any evidence, and would not justify a finding in favor of the illegality of the transaction.

The case of Samuel Sanner v. James H. Smith, not yet reported, but to which we were referred by appellees, is very unlike the one now before us. In that case the note in controversy, on its face reserved a usurious rate of interest, and the payee received semi-annual interest in advance at the usurious rate specified, through a series of years after the maturity of the note, and when the note was made, six months' interest was paid in advance.

Nothing of the kind appears in evidence in the case we are now considering, and we must hold that there is nothing on the face of the note, or in the credits indorsed upon the back of it, that show the transaction to be usurious.

The court below erred in giving judgment for appellees, and it must be reversed.

Reversed and remanded.